# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LISA MYERS,

        Plaintiff,

vs.

8TH JUDICIAL DISTRICT COURT, *et al.*,

        Defendants.

Case No. 2:12-cv-01035-MMD-CWH

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Application for Leave to Proceed *in Forma Pauperis* (#1), filed on June 18, 2012. Plaintiff is proceeding in this action *pro se*. The Court also considered Plaintiff's Amended Complaint (#2), filed on June 29, 2012.

**I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th

Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A.  Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff has failed to allege and cannot establish complete diversity of citizenship given that she and the named Defendants are all citizens of the State of Nevada. Additionally, Plaintiff failed to state a sum that exceeds $75,000 in her prayer for relief. Therefore, diversity jurisdiction under 28 U.S.C. § 1332 does not exist.

### B.  Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under

state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983. A claim under this statute invokes the Court's federal jurisdiction. However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist.

### C. Section 1983 Claim

Upon review of the complaint and amended complaint, it appears as though Plaintiff is seeking relief for a custody matter that was decided in the Eighth Judicial District Court. Plaintiff names the Supreme Court of Nevada, Eighth Judicial District Court, and a number of individuals employed by the Eighth Judicial District Court, Nevada Department of Health and Human Services, Clark County Department of Family Services, Clark County, and other entities as defendants. To have a claim under Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

#### 1. Failure to State a Claim For Relief

Plaintiff's complaint and amended complaint suffer from numerous fatal subject-matter jurisdiction defects, which result in her failure to state a claim for which relief can be granted. First, a governmental agency that is an arm of the state is not a person for the purposes of Section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (199). As a result, the Supreme Court of Nevada and Eighth Judicial District Court are "arms of the state" and not subject to liability under Section 1983.

1	Second, it is well established that judges are "not liable to civil actions for their judicial
2	acts" unless they did not perform a judicial act or acted in clear absence of jurisdiction. *Stump v.*
3	*Sparkman*, 435 U.S. 349, 356 (1978). Indeed, "judicial immunity applies however erroneous the
4	act may have been, and however injurious in its consequences it may have proved to the plaintiff"
5	to Section 1983 damage actions. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).
6	Consequently, William Voy, Gloria Sanchez, Steven Jones, Robert Teuton, Charles Hoskin,
7	William Gonzalez, Cynthia Dianne Steel, T. Arthur Ritchie Jr., Cheryl Moss, Kenneth Pollock,
8	Cynthia Giuliani, Jennifer Elliott, William Potter, Mathew Harter, Frank Sullivan, Sandra
9	Pomrenze, Bryce Duckworth, Bill Henderson, Vincent Ochoa, Gayle Nathan, Jennifer Togliatti,
10	Eric Goodman, Stefany Miley, and Robert E. Gaston are immune from a suit for damages arising
11	out of the performance of their judicial, decision-making duties.

12	Third, courts "have extended absolute judicial immunity from damages actions under 42
13	U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the
14	judicial process." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986); s*ee also Ryan v. Bilby*, 764
15	F.2d 1325, 1328 n. 4 (9th Cir. 1985), *Babcock v. Tyler*, 884 F.2d 497, 501-02 (1989), *cert. denied*,
16	493 U.S. 1072 (1990). Thus, court-appointed psychiatrists and court employees like Jennifer L.
17	Henry, Lynn Conant, and John Paglini are also immune from liability for damages under Section
18	1983.

19	Fourth, State officials sued in their official capacity for damages are not persons for the
20	purpose of Section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43 n. 24 (1997).
21	As such, Donald G. Burnette and Virginia Valentine are not subject to suit for damages under
22	Section 1983. The Court notes that State officials sued in their official capacity for injunctive relief
23	or in their personal capacity are persons for the purposes of Section 1983. *See Will v. Mich. Dep't*
24	*of State Police*, 491 U.S. 58, 71 n. 10 (1989). However, to the extent Plaintiff seeks injunctive
25	relief with regard to judicial rulings, the immunity exception is narrow; it applies only to
26	prospective relief and does not permit judgments against state officers declaring they have violated
27	federal law in the past. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S.
28	139, 146 (1993). Plaintiff's claims appear to be "nothing more than an impermissible collateral

attack on prior state court decisions," Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995), *cert. denied*, 516 U.S. 1009 (1995), and lie outside this court's subject matter jurisdiction. It is irrelevant whether federal constitutional issues are at stake. *Id.* at 291. Federal courts are not courts of appeal from state decisions. *Mackay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (*quoting Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994), *cert. denied*, 525 U.S. 1103 (1999)). Therefore, this Court is without jurisdiction to grant Plaintiff the damages and injunctive relief she seeks against the above-named entities and individuals as they are immune from suit.

Similarly, private parties do not generally act under the color of state law. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in private practice does not act under color of state law). Plaintiff has failed to allege sufficient facts to find that the following individuals acted under the color of state law: against Mike Willden, Diane J. Comeaux, Lisa Ruiz-Lee, Tiffany N. Wedlow, Caleb Obadiah Haskins, Charity Damesworth, Chrystal La Flamme, and Amanda M. Roberts.

### 2. Domestic Relations Exception

Additionally, Plaintiff's claim relates to a child custody dispute that is a state court matter. The Court notes that "the domestic relations exception . . . divests the federal courts of power to issue . . . child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th cir. 1983) (per curiam) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the 'custody of minors and a *fortiori*, rights of visitation."). Here, Plaintiff appears to seek damages and other relief for a state court custody decision. However, it is a well established principle that federal courts should decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child. *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968). The subject matter of domestic relations and particularly child custody problems is generally considered a state

law matter. *Id.* "The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate." *Peterson*, 708 F.2d at 466 (citing *Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979)).

In conclusion, the Court finds that Plaintiff has failed to state a claim for which relief can be granted and the Court does not have jurisdiction to review a state court domestic relations dispute. The Court will not grant Plaintiff the opportunity to amend because amendment would be futile because either the named defendants are immune from suit or the claims alleged were not cognizable federal claims.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Amended Complaint (#2).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (#2) be **dismissed with prejudice** because Plaintiff failed to state a claim upon which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit

has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of December, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**